**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| JORGE MIRABAL and ALAN SCHOENBECK, individually, and on behalf of the NCR Savings Plan,<br>Plaintiffs,<br>v.<br><br>NCR CORPORATION PLAN ADMINISTRATION COMMITTEE,<br>Defendant. | Civil Action No: 1:24-cv-00765-SCJ<br><br>Hon. Steve C. Jones |

**REPLY BRIEF IN SUPPORT**
**OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

# TABLE OF CONTENTS

I. Standing ....................................................................................1

II. Defendant's Waiver Arguments Fail ............................................................2

III. Plaintiffs and Plaintiffs' Counsel Satisfy Adequacy ......................................6

A. Plaintiffs Have Actively Participated in the Case and Have Knowledge of the Case Sufficient to Satisfy Adequacy ..................................................7

B. As Former Participants, Plaintiffs Satisfy Adequacy ................................10

C. No Substantial Conflicts Exist ...............................................................11

D. Plaintiffs' Counsel Satisfies Adequacy ....................................................11

IV. The Narrowed Class is Properly Defined .......................................................13

V. Conclusion ....................................................................................15

## TABLE OF AUTHORITIES

**CASES** **PAGE(S)**

*Amansac v. Midland Credit Mgmt., Inc.*,
No. CV 15-8798, 2022 WL 14563253 (D.N.J. Oct. 24, 2022) .................... 5-6

*Askew v. S. Pan Employee Stock Ownership Plan*,
No. 1:18-CV-309-MHC, 2018 WL 6163156
(N.D. Ga. June 19, 2018) .............................................................. 14-15

*Bowles v. Reade*,
198 F.3d 752 (9th Cir. 1999) ..........................................................3

*Garthwait v. Eversource Energy Co.*,
No. 3:20-CV-00902 (JCH), 2022 WL 1657469 (D. Conn. May 25, 2022) ....2

*Garthwait v. Eversource Energy Co.*,
No. 3:20-cv-00902 (D. Conn. Sept. 23, 2023) (ECF No. 205) .......................2

*Gunnells v. Healthplan Servs., Inc.*,
348 F.3d 417 (4th Cir. 2003) ..........................................................9

*Henderson v. Emory Univ.*,
No. 1:16-CV-2920-CAP, 2018 WL 6332343
(N.D. Ga. Sept. 13, 2018) ..................................................6-7, 9-10

*Hoffman v. Cent. States SE & SW Areas Pension Fund*,
No. 90-CV-4132, 1992 WL 336376 (N.D. Ill. May 8, 1992) ................. 14-15

*Howell v. Argent Tr. Co.*,
No. 1:22-CV-03959-SDG, 2024 WL 4369688
(N.D. Ga. Sept. 30, 2024) .............................................................. 2-3, 5

*In re Aquila ERISA Litig.*,
237 F.R.D. 202 (W.D. Mo. 2006)..............................................................4

*In re JDS Uniphase Corp. ERISA Litig.*,
No. 03-4743, 2006 WL 2597995 (N.D. Cal. Sept. 11, 2006) .........................4

*In re Polaroid ERISA Litig.*,
240 F.R.D. 65 (S.D.N.Y. 2006) .......................................................... 3-4

*In re Schering-Plough Corp. ERISA Litig.*,
No. 03-1204 (KSH), 2008 WL 4510255 (D.N.J. Jan. 31, 2008) ....................4

*In re Williams Cos. ERISA Litig.*,
231 F.R.D. 416 (N.D. Okla (2005) ...........................................................4

*Jeffries v. Trs. of the Northrop Grumman Sav. & Inv. Plan*,
169 F. Supp. 2d 1380 (M.D. Ga. 2001) ........................................ 1, 14-15

*Johnson v. Couturier*,
No. 05-2046, 2006 WL 2943160 (E.D. Cal. Oct. 13, 2006) ..........................4

*Keim v. ADF MidAtlantic, LLC*,
328 F.R.D. 668 (S.D. Fla. 2018).............................................................10

*Markson v. CRST Int'l, Inc.*,
No. 5:17-CV-01261-SB-SP, 2022 WL 790960 (C.D. Cal. Feb. 24, 2022).....6

*McAlister v. Metro. Life Ins. Co.*,
No. 18-CV-11229 (RA), 2023 WL 5769491 (S.D.N.Y. Sept. 7, 2023)..........5

*Nelson v. IPALCO Enters., Inc.*,
No. IP02-477-CHK, 2003 WL 23101792 (S.D. Ind. Sept. 30, 2003).............3

*Pettaway v. TIAA*,
547 F. Supp. 2d 1 (D.D.C. 2008).............................................................14

*Pizarro v. Home Depot, Inc.*,
No. 1:18-CV-01566-WMR, 2020 WL 6939810
(N.D. Ga. Sept. 21, 2020) ......................................................................7, 9

*Spann v. AOL Time Warner, Inc.*,
219 F.R.D. 307 (S.D.N.Y. 2003) ...............................................................5

*Spinelli v. Capital One Bank*,
265 F.R.D. 598 (M.D. Fla. 2009) ............................................................10

*Spotswood v. Hertz Corp.*,
No. 16-1200, 2019 WL 498822 (D. Md. Feb. 7, 2019) ....................................6

*Valley Drug Co. v. Geneva Pharm., Inc.*,
350 F.3d 1181 (11th Cir. 2003) ..................................................................... 6-7

*Waldner v. Natixis Inv. Managers, L.P.*,
No. 21-CV-10273-LTS, 2023 WL 3466272
(D. Mass. Mar. 24, 2023),...............................................................................2

*Williams v. Shapiro*,
724 F. Supp. 3d 1295 (N.D. Ga. 2024)......................................................... 2-3

## I. <u>Standing</u>

Defendant challenges Plaintiffs' standing to represent the Plan and proposed Class—but only as to their ability to seek prospective relief—because both Plaintiffs are now former Plan participants. Plaintiffs agree that they lack standing to pursue prospective relief.[1] They unquestionably, however, have standing to seek retroactive relief because they were Plan participants until August 9, 2022 (Mirabal), and January 31, 2024 (Schoenbeck). To streamline things for the Court, and to moot any concerns about the class definition raised in Defendant's opposition, Plaintiffs agree to narrow the class definition as follows: "All persons who were participants in or beneficiaries of the NCR Savings Plan from January 31, 2024, through February 23, 2017."

This time period is proper. Plaintiffs filed their administrative claim on February 23, 2023 (*see* ECF No. 1, ¶ 26), tolling ERISA's six-year statute of limitation. *See generally Jeffries v. Trs. of the Northrop Grumman Sav. & Inv. Plan*, 169 F. Supp. 2d 1380 (M.D. Ga. 2001). It also includes the time Schoenbeck was enrolled in the Plan but ends when he withdrew his funds. Thus, it moots any standing and adequacy arguments (addressed further below) by Defendant while also providing maximum retroactive relief for the Plan.

[1] During the conferral process, had Defendant simply raised this issue Plaintiffs would have agreed to narrow the scope of the class in their Motion.

Defendant's opposition relies heavily on *Garthwait v. Eversource Energy Co*., No. 3:20-CV-00902(JCH), 2022 WL 1657469, at *1 (D. Conn. May 25, 2022). But *Garthwait* is inapposite. The *Garthwait* case settled on a court approved basis for $15,000,000 after the court granted, in part, the motion for class certification allowing the plaintiffs in that case to seek retroactive relief for the class but not prospective. (*See* Garthwait, No. 3:20-CV-00902 (D. Conn. Sept. 23, 2023, ECF No. 205, p. 4, ¶ d, order granting final approval class action settlement.)[2]

## II. Defendant's Waiver Arguments Fail

Next, Defendant argues that Plaintiffs somehow cannot satisfy typicality because Mirabal executed a class action waiver and because Schoenbeck did not. (ECF No. 50, pp. 20-22.) Class action waivers are not enforceable in ERISA cases like this. Because such waivers are unenforceable, they have no bearing on Plaintiffs' typicality as class representatives.

Two recent courts in the Northern District of Georgia address class action waivers in this context, *Howell v. Argent Tr. Co.,* No. 1:22-CV-03959-SDG, 2024 WL 4369688 (N.D. Ga. Sept. 30, 2024) and *Williams v. Shapiro*, 724 F. Supp. 3d

[2] Defendant's opposition also cites to *Waldner v. Natixis Inv. Managers, L.P*., No. 21-CV-10273-LTS, 2023 WL 3466272, at *1 (D. Mass. Mar. 24, 2023), report and recommendation adopted, No. CV 21-10273-LTS, 2023 WL 3467112 (D. Mass. May 15, 2023). Much like in *Garthwait*, the *Waldner* court ultimately granted the motion for class certification, in part, and certified a nationwide class but not as to prospective relief.

1295 (N.D. Ga. 2024.) In both cases courts held that class action waivers violate the "effective vindication doctrine" by barring plan-wide remedies available under ERISA. *Howell*, at *9; *Williams*, at 1309. Both courts also refused to enforce the class action waivers. Because such waivers are not enforceable, they do nothing to impact Plaintiffs' ability to establish typicality. In *Howell*, at *9, the court held as follows:

> The Class Action Waiver thus prevents Plaintiffs—who are authorized to sue under § 502—from requiring the allegedly faithless fiduciaries "to make good to [the P]lan" losses resulting from and "to restore to [the P]lan" profits generated by their breaches as mandated by § 409. Those are substantive rights to recovery that cannot prospectively be waived….The Class Action Waiver thus impermissibly takes away what ERISA gives. Under the "effective vindication" doctrine, a court may refuse to enforce an arbitration agreement that operates as a prospective waiver of a party's right to pursue statutory remedies. Since that's exactly what the Class Action Waiver does here, the Court holds that the waiver is unenforceable.

This Court should follow *Howell* and *Williams*. Sister courts around the country have also rejected the argument Defendant makes here. *See Bowles v. Reade,* 198 F.3d 752, 759–60 (9th Cir. 1999) (finding that a plaintiff could not release claims brought on behalf of a plan without the consent of the plan); *Nelson v. IPALCO Enters.*, No. IP02–477 (CHK), 2003 WL 23101792, at *6 (S.D. Ind. Sept.30, 2003) (finding typicality in the context of an ERISA class action brought on behalf of a plan despite the fact that certain plaintiffs had signed releases); *In re Polaroid ERISA Litig.*, 240 F.R.D. 65, 75 (S.D.N.Y. 2006) ("[N]umerous courts have held that under

ERISA, individuals do not have the authority to release a ... plan's right to recover for breaches of fiduciary duty); *Johnson v. Couturier,* No. 05–2046, 2006 WL 2943160, at *2 (E.D. Cal. October 13, 2006) (release does not preclude § 502(a)(2) action); *In re JDS Uniphase Corp. ERISA Litig.,* No. 03–4743, 2006 WL 2597995, at *1 (N.D. Cal. September 11, 2006) ("The release ... do[es] not bar ERISA fiduciary duty claims brought by plan beneficiaries on behalf of the plan."); *In re Aquila ERISA Litig.,* 237 F.R.D. 202, 210 (W.D. Mo. 2006) ("[T]he instant claims in this action are brought on behalf of the Plan pursuant to ERISA § 502(a)(2), not by ERISA plan participants seeking individual benefits. As a matter of law, a plan participant cannot release the Plan's claims."); *In re Williams Cos. ERISA Litig.,* 231 F.R.D. 416, 423 (N.D. Okla (2005) ("[T]he Court notes that the claims here are brought on behalf of the Plan, and a participant cannot release the Plan's claims, as a matter of law."); *In re Schering-Plough Corp. Erisa Litig*., No. CIV.A. 03-1204(KSH), 2008 WL 4510255, at *5 (D.N.J. Jan. 31, 2008) ("as a matter of law, an individual plaintiff cannot release a plan's claims under ERISA").

The class action waiver signed by Mirabal is not enforceable against the Plan. Because the waivers are not enforceable against the Plan, they do not stand in the way of Plaintiffs satisfying typicality.

Defendant argues the waiver executed by Mirabal somehow constitutes a "unique defense [that] precludes a finding of typicality for Mirabal," (ECF No. 50,

p. 20), and cites *Spann v. AOL Time Warner, Inc.*, 219 F.R.D. 307, 318 (S.D.N.Y. 2003) as support. *Spann* is two decades old. More recent authority from the Second Circuit have refused to extending the reasoning or holding of *Spann*. *See McAlister v. Metro. Life Ins. Co.*, No. 18-CV-11229 (RA), 2023 WL 5769491, at *8 (S.D.N.Y. Sept. 7, 2023) (rejecting *Spann* and granting class certification when named plaintiffs signed waivers). As such, it is questionable whether *Spann* is still good law in the Second Circuit, but it does nothing to overcome *Howell* and *Williams*.

Defendant's opposition next argues that because Schoenbeck <u>did not</u> execute a class action waiver, his claims are somehow not typical of those class members who did. (ECF No. 50, pp. 21-22.) This argument fails because releases do not prevent the Plan from obtaining any remedies and all the claims in this case are brought on behalf of the Plan. As support for this disingenuous argument, Defendant again cites decisions outside of the Eleventh Circuit. None are remotely applicable. The first, *Amansac v. Midland Credit Mgmt., Inc.*, No. CV 15-8798, 2022 WL 14563253 (D.N.J. Oct. 24, 2022), was a consumer dispute involving a group of consumers, some of whom executed arbitration agreements and some of whom did not. *Amansac* is distinguishable because this is not a consumer class action, it is a case brought in a representative capacity under § 1104(a) on behalf of a billion-dollar retirement plan. Arbitration is not at issue here. *Amansac* and this case are apples and oranges.

*Spotswood v. Hertz Corp.,* No. CV RDB-16-1200, 2019 WL 498822 (D. Md. Feb. 7, 2019) cited by Defendant (ECF No. 50, p. 22) is equally distinguishable. It involved an Alabama lawyer who brought consumer claims against Hertz related to rental car insurance. *Id*. at *1. Class certification was denied, in part, because many of the consumers had executed enforceable arbitration and class waivers. *Id*. at *10. Once again, this is not an action brought by one consumer seeking to represent a class of other individual consumers.

Defendant's reliance on *Markson v. CRST Int'l, Inc*., No. 5:17-CV-01261-SB-SP, 2022 WL 790960, at *5 (C.D. Cal. Feb. 24, 2022) is further off the mark. (ECF No. 50, p. 21.) *Markson* involved anti-trust and California labor law claims and a prior class action settlement certain class members opted out of. None of those facts or claims are present here.

## III. <u>Plaintiffs and Plaintiffs' Counsel Satisfy Adequacy</u>

Next, Defendant attacks Plaintiffs' and Plaintiffs' counsel's adequacy. (ECF No. 50, p. 22.) Under Rule 23(a)'s adequacy component, Plaintiffs need only show that they "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). First, Plaintiffs must show that they and their counsel "will adequately prosecute the action." *Valley Drug Co. v. Geneva Pharm., Inc.*, 350 F.3d 1181, 1189 (11th Cir. 2003). Second, Plaintiffs must show that no "substantial conflicts of interest exist between the representatives and the class." *Id.*; *see also Henderson v.*

*Emory Univ*., No. 1:16-CV-2920-CAP, 2018 WL 6332343, at *6 (N.D. Ga. Sept. 13, 2018). Plaintiffs and their counsel easily satisfy both.

### A. Plaintiffs Have Actively Participated in the Case and Have Knowledge of the Case Sufficient to Satisfy Adequacy

As to the first prong, Plaintiffs have demonstrated their willingness and ability to serve as class representatives. They have responded to discovery requests, appeared for in-person depositions, and submitted affidavits attesting to their participation in this action and their willingness to pursue the case vigorously. (ECF Nos. 42-22, 42-23.) Plaintiffs' proactive service to the class shows they have not merely lent their names to this action. Further, Plaintiffs' interest in establishing Defendant's liability for the alleged breaches of duty and obtaining relief are fully aligned with the interests of absent Class members because, again, all of the claims here are brought on behalf of the Plan. In *Pizarro v. Home Depot, Inc*., No. 1:18-CV-01566-WMR, 2020 WL 6939810, at *11 (N.D. Ga. Sept. 21, 2020), these same facts were sufficient to satisfy adequacy. The Court should find them sufficient here.

At their depositions both Plaintiffs were able to explain what the case is about, to explain their role, and showed a willingness to fully protect the interests of the class. For example, when Plaintiff Schoenbeck was asked to describe the "history" of the lawsuit, he was able to explain in basic terms that the Court had dismissed portions of the claims and that they remaining claims related to recordkeeping fees only. (Ex. A, Schoenbeck Tr., 66:16-24.) He also explained that he was "was doing

this for all the people that, you know, were members and paid the fee, so it's just doing the right thing for all those coworkers…,," and hoped as a result of this lawsuit, "people would be charged a reasonable fee for [recordkeeping] going forward…and reimbursed for fees that were excessively charged in the past." (Ex. A, Schoenbeck Tr., 98:15-21.) Plaintiff Schoenbeck also testified that he time took off of work to be deposed and that he had no conflicts with any class members of which he was aware, would put the interest of the class members ahead of his own, would continue actively participating in the lawsuit, would testify at trial, and had been kept aware of the status and progress of the case. (Ex. A, Schoenbeck Tr., 105:9-106:4.) Plaintiff Schoenbeck's deposition testimony, along with his sworn declaration (ECF No. 48-23), and active participation in this lawsuit overcomes any challenge to his adequacy.

Plaintiff Mirabal offered similar deposition testimony. He explained that he has taken an active role as a class representative, spending approximately 10 to 15 hours per year on the case "having conversations, reading documents, sending e-mails, [and] receiving e-mails." (Ex. B, Mirabal Tr., 50:22-52:15.) He also explained that he decided to file the lawsuit because "it's the right thing to do," (Ex. B, Mirabal Tr., 54:4) and, when asked if his Complaint in this case is "just about the per participant recordkeeping fee," he succinctly answered, "[t]hat is correct." (Ex. B, Mirabal Tr., 72:4-6.) When asked if he was promised anything or if he was looking

for some "personal benefit," either monetary or material, he plainly stated, "no." (Ex. B, Mirabal Tr., 57:10-22.) He also explained that he reviewed documents before they were filed (Ex. B, Mirabal Tr., 58:8-19), was aware that the original complaint was dismissed (Ex. B, Mirabal Tr., 59:1-3), was aware of denial of the administrative claim (Ex. B, Mirabal Tr., 61:16-19), and that he had fully participated in written discovery. (Ex. B, Mirabal Tr., 84:16-86:8.) Plaintiff Mirabal's deposition testimony, coupled with his sworn declaration submitted in support of Plaintiff's Motion for Class Certification (ECF No. 48-22), collectively demonstrate he has adequate knowledge to serve as a class representative.

Nevertheless, Defendant's opposition argues that, despite all of the above, Plaintiffs are somehow inadequate because they have allegedly "blindly" relied on counsel. However, as the court in *Pizarro v. Home Depot, Inc.*, No. 1:18-CV-01566-WMR, 2020 WL 6939810, at *11 (N.D. Ga. Sept. 21, 2020), explained, in a complex case, such as this, which requires a "great deal of investigation and discovery by counsel against a background of legal knowledge, the representative need not have extensive knowledge of the facts of the case[.]" (citing to *Gunnells v. Healthplan Servs., Inc.*, 348 F.3d 417, 430 (4th Cir. 2003)). The same is true with respect to the underlying legal theories, especially in ERISA cases like this. *See Henderson*, 2018 WL 6332343, at *7 ("ERISA itself represents a highly dense regulation, and claims

arising from it are equally complex. That a plaintiff might not fully understand the facts and legal theories of this complex ERISA action is understandable”).

Rule 23 does not limit class representatives to attorneys, retirement plan professionals, or business executives. Here, Plaintiffs have demonstrated their willingness and ability to serve as class representatives. They also testified that throughout this litigation, they have regularly communicated with counsel, reviewed pleadings, participated in discovery, provided input to counsel, and that they intend to serve as class representatives and understand what that entails. Where, as here, class representatives have “promised to represent the class members to the best of [their] abilities,” *Spinelli v. Cap. One Bank*, 265 F.R.D. 598, 602 (M.D. Fla. 2009), “personally reviewed the allegations of the Complaint[s], participated in written discovery, and appeared for [their] deposition[s],” *Keim v. ADF MidAtlantic, LLC*, 328 F.R.D. 668, 687 (S.D. Fla. 2018), they are adequate even if they do not appear to “fully grasp the complex factual and legal issues involved in the case,” *Henderson v. Emory Univ.*, 2018 WL 6332343, at *2 (N.D. Ga. Sept. 13, 2018).

### B. <u>As Former Participants, Plaintiffs Satisfy Adequacy</u>

Defendant’s opposition also argues that as former Plan participants, Plaintiffs cannot adequately protect the interests of current Plan participants. (ECF No. 50, pp. 22-23.) This issue is mooted by Plaintiffs’ agreement to seek only retroactive relief.

The time period included in the proposed narrowed class definition ensures Plaintiffs will adequately represent the class but also provides for maximum retroactive relief.

### C. No Substantial Conflicts Exist Between Plaintiffs and Class Members

As to the second prong of adequacy under Rule 23(a), no substantial conflicts of interest exist between either Plaintiff Mirabal or Plaintiff Schoenbeck and the class members. Both have attested to the same in their sworn declarations. (ECF Nos. 48-22, p. 3, ¶ 9; 48-23, p. 3, ¶ 9.) Plaintiff Schoenbeck provided sworn deposition testimony confirming the same. (Schoenbeck, 105:9-12.) Defendant concedes this point through omission. Defendant does not suggest any such conflicts exist because it cannot. Plaintiffs are adequate class representatives.

### D. Plaintiffs' Counsel Satisfies Adequacy

Leaving no challenge unmounted, Defendant next challenges Plaintiffs' counsel's ability to serve as class counsel. (ECF No. 50, p. 26.) Although "Defendant does not challenge the credentials or experience of Counsel," (*id.*), it nevertheless challenges Plaintiffs' counsel adequacy because Plaintiff Schoenbeck was late to his deposition and because Plaintiff Mirabal's in-person deposition took place in Miami instead of Tampa. (*Id.*) These arguments by Defendant are beyond meritless.

Defendant's counsel's assertion that "[Plaintiffs'] Counsel failed to communicate to Defendant's Counsel that Schoenbeck would be delayed by more than two hours for his deposition due to car trouble," is patently false. (ECF No. 50,

p. 26.) The undersigned personally sat in the same room with Defendant's counsel waiting for Plaintiff Schoenbeck to arrive. The undersigned gave Defendant's counsel updates on Plaintiff Schoenbeck's status until he arrived. Plaintiff's unfortunate car trouble has nothing to do with the adequacy of Plaintiffs' counsel. The argument by Defendant here is misplaced.

Defendant's counsel correctly points out a scheduling issue relating to Plaintiff Mirabal's deposition. (ECF No. 50, pp. 26-27.) Plaintiff's counsel accepts responsibility for the scheduling mix-up and even offered to pay Defendant's travel costs. To correct the error, Plaintiff's counsel also agreed to produce Plaintiff Mirabal in-person in Miami and to fly to Miami for the deposition. And that is exactly what happened. Plaintiff Mirabal was deposed in person in Miami on July 10, 2025, with counsel for both parties attending the deposition in person. If anything, these facts illustrate Plaintiffs' counsel's adequacy and commitment to representing the class here— not the other way around.

Finally, Defendant takes a parting shot at Plaintiffs' counsel for "failing to investigate claims in this action." (ECF No.  50, p. 28.) This is specious. Nothing could be further from the truth. The undersigned are highly-experienced ERISA class action practitioners. Before filing this lawsuit, Plaintiffs' counsel carefully analyzed publicly available data on the Plan, scrutinized account statements, interviewed Plaintiffs, considered and analyzed applicable case law, consulted with

an industry expert, and reviewed extensive case law to ensure the viability of Plaintiffs' claims.

After filing the *Mirabal I* complaint in December of 2022 (ECF No. 1), for the next three years Plaintiffs' counsel vigorously prosecuted the claims in this case, completed an extensive (and futile) administrative exhaustion process that Defendant insisted on (*see* ECF No. 8, ¶¶ 25-34), overcame (in part) Defendant's potentially dispositive motion to dismiss (ECF No. 29), deposed multiple Plan fiduciaries, deposed the Plan's recordkeeper, reviewed in excess of 25,000 pages of documents produced by Defendant, obtained an extensive expert report from one of the country's foremost experts on recordkeeping, Ty Minnich (ECF No. 48-13), to support the claims in this case, challenged Defendant's discovery practices (*see* ECF No. 47), and have otherwise done everything possible in an effort to secure a favorable outcome for Plaintiffs and the Plan. These are not the actions of inadequate class counsel. To the contrary, these are the actions of zealous and proficient ERISA class action counsel.

## IV. <u>The Narrowed Class is Properly Defined</u>

Last, Defendant's opposition incorrectly argues that that the class period cannot extend beyond ERISA's six-year statute of limitation for breach of fiduciary duty claims. (ECF No. 50, p. 33.) Defendant is wrong.

Plaintiffs have agreed to narrow the class period as follows: "All persons who were participants in or beneficiaries of the NCR Savings Plan from January 31, 2024, through February 23, 2017." ERISA has a six-year statute of limitation period. 29 U.S.C. § 1113(1). February 23, 2017, is within six years of February 23, 2023, the date Plaintiffs filed their administrative claim. Mirabal remained enrolled in the Plan through January 31, 2024.

Contrary to Defendant's opposition, the administrative claim process tolled the six-year ERISA statute of limitations period while Plaintiffs exhausted their administrative remedies. Although not definitively addressed by the Eleventh Circuit, the question of whether equitable tolling applies during the exhaustion of administrative remedies in ERISA cases has been discussed in other district courts cases in this circuit.

For example, in *Jeffries v. Trs. of the Northrop Grumman Sav. & Inv. Plan*, 169 F. Supp. 2d at 1384, the Middle District of Georgia held that the applicable statute of limitations under ERISA was tolled while the plaintiff exhausted her administrative remedies. The court in *Askew v. S. Pan Employee Stock Ownership Plan*, No. 1:18-CV-309-MHC, 2018 WL 6163156, at *3 (N.D. Ga. June 19, 2018) reached the same conclusion. So have other district courts. *See, e.g., Pettaway v. Teachers Ins. and Annuity Ass'n of Am.*, 547 F. Supp. 2d 1, 5-6 (D.D.C. 2008); *Hoffman v. Central States SE & SW Areas Pension Fund*, No. 90 CV 4132, 1992

WL 336376, at *9 (N.D. Ill. May 8, 1992) ("[A] policy favoring exhaustion of remedies is undermined unless the statute of limitations is tolled during the period of exhaustion."). This Court should follow *Jeffries* and *Askew* and hold the statute of limitations was tolled while Plaintiffs exhausted their administrative remedies.

## V. **Conclusion.**

For all of the foregoing reasons, Plaintiffs respectfully request that this Honorable Court grant their Motion for Class Certification.

DATED this 24th day of November, 2025.

Respectfully submitted,

/s/Brandon J. Hill
**BRANDON J. HILL** (*pro hac vice*)
Florida Bar Number: 37061
**LUIS A. CABASSA** (*pro hac vice*)
Florida Bar Number: 053643
**AMANDA E. HEYSTEK**
(*pro hac vice*)
Florida Bar Number: 0285020
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Ave., Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Fax: 813-229-8712
Email: bhill@wfclaw.com
Email: lcabassa@wfclaw.com

**MARC R. EDELMAN** (*pro hac vice*)
Fla. Bar No. 0096342
**MORGAN & MORGAN, P.A.**
201 N. Franklin Street, Suite 700
Tampa, FL 33602
Telephone 813-223-5505

Fax: 813-257-0572
Email: MEdelman@forthepeople.com

**JEREMY R. STEVENS**
Georgia Bar Number 24040548
**MORGAN & MORGAN, P.A.**
191 Peachtree Street N.E., Ste. 4200
Post Office Box 57007
Atlanta, GA 30343-1007
Phone: (404) 965-1682
Email: jstephens@forthepeople.com

**MICHAEL C. MCKAY**
(*pro hac vice*)
MCKAY LAW, LLC
5635 North Scottsdale Road, Suite 170
Scottsdale, Arizona 85250
Telephone: (480) 681-7000
Email: mmckay@mckaylaw.us

***Attorneys for Plaintiffs and Proposed Class Counsel***

## CERTIFICATE OF COMPLIANCE

**I HEREBY CERTIFY** that this brief complies with Local Rule 7.1(D) and has been prepared with one of the font and point selections approved by Local Rule 5.1(C), specifically Times New Roman, 14 point font.

/s/Brandon J. Hill
**BRANDON J. HILL** (*pro hac vice*)

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 24th day of November, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of the electronic filing to all counsel of record.

/s/Brandon J. Hill
**BRANDON J. HILL** (*pro hac vice*)